**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4630

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY LANE PLEMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:17-cr-00049-MR-DLH-1)

Submitted: April 30, 2019                    Decided: May 22, 2019

Before WILKINSON, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., DUNGAN, KILBOURNE & STAHL, PA, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lane Plemmons appeals his criminal judgment and the district court's order adopting the recommendation of the magistrate judge and denying his motion to suppress, among other things, a quantity of methamphetamine that law enforcement recovered during a warrantless search of Plemmons' residence.[1] On appeal, Plemmons, who was on probation in North Carolina at the time of the search, argues that his probation officer failed to comply with the warrantless search requirements listed in N.C. Gen. Stat. § 15A-1343(b)(13) (2017). Plemmons also maintains that a stale, unreliable tip from a jailhouse informant failed to supply the reasonable suspicion necessary to justify the search. For the reasons that follow, we affirm.

"In considering the district court's denial of [a] motion to suppress, we review that court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018). The Fourth Amendment allows for warrantless searches "when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987) (internal quotation marks omitted). Special needs include a state's operation of its probation system. *Id.* at 873-74; *see United States v. Midgette*, 478 F.3d 616, 622-24 (4th Cir. 2007) (upholding constitutionality of North Carolina statute

---

[1] Pursuant to a conditional plea agreement, Plemmons pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine, reserving his right to appeal the denial of his suppression motion.

2

authorizing sentencing courts to require probationers to submit to warrantless searches reasonably related to probation supervision).[2]

The standard conditions of Plemmons' probation authorized law enforcement to search his home without a warrant, so long as the search occurred (1) at a reasonable time, (2) when he was present, and (3) for a purpose "directly related to [his] supervision." N.C. Gen. Stat. § 15A-1343(b)(13). Crediting the testimony of Plemmons' probation officer, Jordan Fields, the magistrate judge found that Fields reasonably waited to conduct the search until 9:00 p.m., the start of Plemmons' curfew, when Plemmons was required to be home. Based on this sensible explanation, we reject Plemmons' argument that Fields conducted the search at an unreasonable time.

Next, Plemmons complains that the decision to search his home was made in his absence. But because the statute requires the probationer's presence during the search, not at the time the decision to search is made, *see* N.C. Gen. Stat. § 15A-1343(b)(13), we conclude that this argument lacks merit.

Finally, Plemmons maintains that the search was part of a broader investigation unrelated to his probation supervision. However, we defer to the credibility determinations of the magistrate judge, *see United States v. Patiutka*, 804 F.3d 684, 689 (4th Cir. 2015), who accepted Fields' assertion that he initiated the search to determine whether Plemmons, in violation of his probation, unlawfully possessed firearms or illicit

---

[2] *Midgette* involved a North Carolina provision, since repealed, that was similar to § 15A-1343(b)(13). Plemmons does not contest the constitutionality of the provision at issue here.

substances. Accordingly, we discern no error in the conclusion that Fields fully complied with § 15A-1343(b)(13).

Nevertheless, Plemmons maintains that the search, lacking in reasonable suspicion, ran afoul of the Fourth Amendment. We have not yet determined whether suspicionless searches of probationers are unconstitutional. *See Jones v. Chandrasuwan*, 820 F.3d 685, 692 (4th Cir. 2016). Even if we were to assume, without deciding, that reasonable suspicion was necessary here, we conclude that Fields reasonably suspected Plemmons of engaging in unlawful conduct.

"Reasonable suspicion requires a particularized and objective basis for suspecting the person searched of criminal activity." *Midgette*, 478 F.3d at 625 (brackets and internal quotation marks omitted). "It is a less demanding standard than probable cause and . . . may be based simply upon a tip that has some particular indicia of reliability." *Id.* (citation and internal quotation marks omitted).

Here, roughly seven weeks before the search, Fields received a tip from a fellow law enforcement officer, who told Fields that a suspect housed at a county jail admitted to selling methamphetamine for Plemmons. We agree with the magistrate judge that this in-person statement against penal interest provided Fields with a sufficiently reliable basis to suspect Plemmons of possessing methamphetamine. *See United States v. Lawing*, 703 F.3d 229, 236 (4th Cir. 2012). Moreover, we conclude that the time that elapsed between the tip and the search did not appreciably diminish the tip's reliability, especially since the conduct alleged—methamphetamine trafficking—is not the type of isolated crime that directly implicates staleness concerns. *See United States v. Farmer*, 370 F.3d 435, 438-

4

39 (4th Cir. 2004). Thus, to the extent it could be considered necessary, reasonable suspicion supported Fields' decision to search Plemmons' residence.

Accordingly, we affirm the denial of the suppression motion and the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*